The OCEAN CONSERVANCY, INC.; Turtle Island Restoration Network; Center for Biological Diversity;, Plaintiffs—Appellants,

Hawaii Longline Association, Intervenor—Appellee,

v.

NATIONAL MARINE FISHERIES SERVICE; United States Department of Commerce; Donald L. Evans, Secretary of the Department of Commerce, Defendants—Appellees.

No. 02–17290.

D.C. No. CV–02–00393–ACK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2003.

Decided Dec. 31, 2003.

Paul H. Achitoff, David Henkin, Earthjustice Legal Defense Fund, Honolulu, HI, for Plaintiffs–Appellants.

Steven Y. Otaguro, Lyons, Hagerman & Brandt, Honolulu, HI, Laurie K. Beale, Stoel Rives LLP, Seattle, WA, for Intervenor–Appellee.

Katherine W. Hazard, Appellate Section, U.S. Department of Justice, Environment & Natural Resources Division, Lori Caramanian, Thomas L. Sansonetti, U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, for Defendants–Appellees.

Before BROWNING, REINHARDT, and THOMAS, Circuit Judges.

## MEMORANDUM *

The Ocean Conservancy, Inc., Turtle Island Restoration Network, and the Center for Biological Diversity (collectively, "Ocean Conservancy") appeal the district court's denial of their motion for a preliminary injunction. Defendant National Marine Fisheries Service ("NMFS") has moved to dismiss this appeal from a denial of a preliminary injunction as moot. Because the district court's orders prevent NMFS from engaging in any of the action Ocean Conservancy seeks to enjoin, we agree that the interlocutory appeal is moot and dismiss, remanding for further proceedings in the district court.

Ocean Conservancy challenged NMFS's issuance of Permit 1303 authorizing one of its research centers to take a number of endangered sea turtles in the course of scientific research into methods that might reduce the amount of turtle "bycatch" during longline fishing. Ocean Conservancy also challenged the Biological Opinion that NMFS issued along with the Permit; the Opinion supported the authorization with a finding that the research was not likely to jeopardize the turtle species under the Endangered Species Act ("ESA"). The wisdom and promise of the research is disputed by the parties. Plaintiffs challenged the research on procedural grounds under the National Environmental Protection Act ("NEPA"), as well as under the ESA. They sought to enjoin the research until an Environmental Impact Statement ("EIS") is completed. They asserted that the Permit and Biological Opinion violated the Endangered Species Act, and also sought to enjoin the research on that ground.

The parties dispute the precise meaning of the district court's order, which instructed NMFS to complete an EIS, but did not enjoin the continuation of research conducted under Permit 1303. NMFS has since withdrawn Permit 1303, and the time period established in the research schedule outlined by the district court and that Permit has passed. NMFS has also begun preparing an EIS, but has not finished.

Intervenors Hawaii Longline Association ("HLA") moved for a stay of the proceedings below on the merits, which the district court granted pending the outcome of this appeal, finding that there was no way in which the research could proceed in the meantime. NMFS construes the district court's first order, combined with its order granting the stay, as preventing the performance of any research until after 1) an EIS is prepared; 2) a new Biological Opin-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ion is prepared that takes into account the EIS; and 3) a new permit is issued based on the new Biological Opinion. NMFS represented to this Court that a new EIS is being prepared and that it will not engage in longline fishing research out of Hawaii until the above conditions are met.

Under NMFS's construction and on the basis of its representations to this Court, the appeal of the district court's preliminary injunction denial is moot, because under no circumstances may NMFS engage in the conduct Plaintiffs seek to enjoin.

In order for us to retain jurisdiction over a case, it must present a live controversy. *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). We agree with NMFS's interpretation of the district court's orders, and clarify that no longline fishing research may be conducted out of Hawaii until (1) an EIS is prepared; (2) a new Biological Opinion is prepared that takes into account the EIS; and (3) a new permit is issued based on the new Biological Opinion. Thus, the interlocutory appeal is moot because NMFS cannot undertake or authorize any research until these three conditions are fulfilled.

If NMFS completes a new EIS and a new Biological Opinion and issues a new Permit, an assessment of whether the *new* Biological Opinion and Permit violate the ESA would then be appropriate. Plaintiffs have explained that they fear any new Biological Opinion and Permit will contain the same or substantially similar legal flaws they allege the current Biological Opinion and withdrawn Permit 1303 contain, and have argued that they should not be forced to return to court once more and file a new lawsuit, challenging what may be essentially the same behavior on the part of NMFS. However, if a new Biological Opinion and Permit are issued, Plaintiffs may amend their complaint in the district court to cover that Biological Opinion and Permit.

Because the district court's order is binding on NMFS, and NMFS has made the representations to this Court described herein above, we dismiss the appeal as moot and remand to the district court for a determination on the merits if and when NMFS completes the agency actions described herein. Until NMFS does so or alternatively abandons its plan to conduct the contemplated research, the proceedings in the district court will be stayed. We do not vacate the district court's orders below because they serve to maintain the status quo pending the court's final order resolving the merits of this case after completion of any agency action. *See* 13A Wright, Miller & Cooper, Federal Practice & Procedure § 3533.10.

**DISMISSED WITH INSTRUCTIONS.**