The OCEAN CONSERVANCY, INC.; Turtle Island Restoration Network; Center for Biological Diversity, Plaintiffs–Appellants,

Hawaii Longline Association, Intervenor–Appellee,

v.

NATIONAL MARINE FISHERIES SERVICE; United States Department of Commerce; Donald L. Evans, Secretary of the Department of Commerce, Defendants–Appellees.

No. 02–17290.

United States Court of Appeals, Ninth Circuit.

Sept. 13, 2004.

David Henkin, Paul H. Achitoff, Esq., Honolulu, HI, for Plaintiffs–Appellants.

Steven Y. Otaguro, Lyons, Hagerman & Brandt, Honolulu, HI, for Intervenor–Appellee.

Laurie K. Beale, Stoel Rives LLP., Katherine W. Hazard, Esq., Seattle, WA, Thomas L. Sansonetti, Katherine W. Hazard, Esq., Washington, DC, Defendants–Appellees.

Before JAMES R. BROWNING, REINHARDT, and THOMAS, Circuit Judges.

## ORDER

PER CURIAM.

The Ocean Conservancy, Inc., Turtle Island Restoration Network, and the Center for Biological Diversity (collectively, "Ocean Conservancy") filed a lawsuit seeking to prevent the National Marine Fisheries Service ("NMFS") from authorizing scientific research into methods that might reduce the amount of endangered seaturtle "bycatch" during longline fishing. Ocean Conservancy disputes the wisdom of this research, which would itself be accompanied by turtle bycatch. The district court below denied Ocean Conservancy's request for a preliminary injunction against conducting the research, and Ocean Conservancy appealed. Defendant National Marine Fisheries Service ("NMFS") and Intervenor Hawaii Longline Association ("HLA") moved to dismiss the appeal as moot. In an unpublished disposition, we dismissed the appeal with instructions. *Ocean Conservancy, Inc. v. Nat'l Marine Fisheries Serv.*, 90 Fed. Appx. 499 (9th Cir.2003). NMFS and HLA now move for costs on appeal, arguing that they are entitled to costs under Federal Rule of Appellate Procedure 39(a)(1). We deny the motions because they are wholly without merit.

## I. Background

Litigation in this case began after NMFS issued Permit 1303 to its Office of Sustainable Fisheries to "take" a specified number of sea turtles, incidental to research on various longline fishing techniques that might reduce turtle bycatch when compared to traditional longline fishing techniques. The experimental and control fishing techniques that would be tested under the Permit would inevitably lead to turtle bycatch, and Ocean Conservancy challenged the research under the substantive and procedural provisions of the Endangered Species Act ("ESA"). 16 U.S.C. §§ 1531–44 (2000).

Although the district court found Ocean Conservancy likely to prevail on at least one of its claims, it denied a preliminary injunction against the research due to unusual circumstances. However, it ordered NMFS to conduct an Environmental Impact Statement ("EIS") by July 31, 2003 and to serve the court and parties monthly status reports on both the EIS and the research, the second phase of which was to begin in December 2003. It enjoined NMFS from modifying or accelerating the research in any way from what was described in Permit 1303.

Ocean Conservancy appealed interlocutorily, 28 U.S.C. § 1292(a)(1), and this court temporarily enjoined the research pending appeal. In the meantime, NMFS requested an extension of time to file the EIS, until October 1, 2003, and the district court granted this request. NMFS withdrew Permit 1303, and HLA moved for a stay of the proceedings in the district court on the merits, which the district court granted pending the outcome of this appeal, finding that there was no way in which the research could proceed in the meantime.

NMFS therefore moved to dismiss the appeal as moot, arguing that it would not, indeed could not, reissue Permit 1303 or any other Permit authorizing the research until after completion of the EIS and a new Biological Opinion. However, it reasserted its "commitment" to beginning research in December 2003. By the time we heard the appeal November 3, 2003, NMFS had missed its October 1, 2003 deadline to complete the EIS, but contin-

ued to interpret the district court's orders to prohibit research until an EIS and a new Biological Opinion and Permit were completed.

In an unpublished disposition, we construed the district court's orders, combined with NMFS's representations, to mean that the appeal from the denial of a preliminary injunction was moot, and dismissed with instructions. *Ocean Conservancy*, 2003 WL 23109904. However, we took care to "clarify that no longline fishing research may be conducted out of Hawaii until (1) an EIS is prepared; (2) a new Biological Opinion is prepared that takes into account the EIS; and (3) a new permit is issued based on the new Biological Opinion." *Id.* at *2. Moreover, we did not vacate the district court's orders "because they serve[d] to maintain the status quo" pending resolution of the merits of the case. *Id.* We also provided instructions that if a new Biological Opinion and Permit were issued, Ocean Conservancy would be permitted to amend its complaint in district court. *Id.*

## II. Analysis

NMFS and HLA argue that they are entitled to costs under Federal Rule of Appellate Procedure 39(a)(1), but their argument has no merit. When an appeal is dismissed, the appellee is usually entitled to costs under this Rule, but not if the "law provides ... otherwise" or "the court orders otherwise." Fed. R.App. P. 39(a). In this case, the law provides otherwise because the ESA overrides Rule 39. Even if it did not, we would order otherwise.

■ Under the ESA, courts issuing final orders may award "costs," including fees, to either party, where appropriate. 16 U.S.C. § 1540(g)(4) (2000). We have pre-

viously held that statutory costs and fee provisions such as that found in the ESA override Federal Rule of Civil Procedure 54(d), which allocates costs in the district court to the prevailing party. *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190(9th Cir.2001) ("When the federal statute forming the basis for the action has an express provision governing costs, however, that provision controls over the federal rules."). Such express statutory costs provisions clearly override Rule 39 as well, since its rules for allocating costs "apply unless the law provides ... otherwise." Fed. R.App. P. 39(a); *see also id.* advisory committee's note ("Subdivision (a) ... A few statutes contain specific provisions in derogation of these general provisions. ... These statutes are controlling in cases to which they apply.").

■ Under the ESA, defendants are not entitled to costs and fees unless the plaintiff's litigation was frivolous. *Marbled Murrelet v. Babbitt*, 182 F.3d 1091, 1096 (9th Cir.1999). As in *Marbled Murrelet*, Ocean Conservancy's litigation may have contributed to the mooting of this case. Moreover, it was far from clear that the district court's orders combined with NMFS's representations in this case mooted the appeal. First, by its own terms, our prior disposition "clarif[ied]" the district court's orders. *Ocean Conservancy*, 2003 WL 23109904, at *2. Second, our disposition was required to ensure that the district court's orders remained in place pending resolution of the merits below, since one of the district court orders we construed was a stay pending the outcome of this appeal. Hence, we dismissed the appeal "with instructions." Finally, our disposition served to bind NMFS to its vehement representations. Therefore, Ocean Conservancy's decision to continue

litigating after NMFS moved to dismiss the appeal as moot was anything but frivolous. Since appellees would not be entitled to costs under the ESA, they are not entitled to costs under Rule 39.

Indeed, in all likelihood, Ocean Conservancy, not NMFS, is the prevailing party in this appeal, despite the nominal dismissal. First, we point out that the appeal was dismissed "with instructions." Ocean Conservancy obtained in those instructions precisely the relief it sought—a court order making absolutely clear that NMFS may not permit longline sword-fishing out of Hawaii until it completes an Environmental Impact Statement and new Biological Opinion. Further, Ocean Conservancy's litigation of this appeal not only prompted a variety of concessions from NMFS, it obtained a material alteration in its legal relationship with NMFS because it is entitled to enforce our prior disposition against NMFS.

Although it has not submitted a bill of costs with this court, Ocean Conservancy has reserved the right to do so with the district court. *See* Fed. R.App. Proc. 39(e).

For the above reasons, we deny the motions for costs on appeal.

**MOTIONS DENIED.**